UNITED STATES, Appellee

v

HUBERT WHITE HARRELL, Parachute Rigger Airman,
U. S. Navy, Appellant

14 USCMA 517, 34 CMR 297

No. 17,500

April 24, 1964

*Lieutenant John Thomas Montag* was on the brief for Appellant, Accused.

*Lieutenant H. M. Jame* was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Pursuant to his pleas of guilty, a special court-martial found accused guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, making and uttering bad checks, in violation of Code, supra, Article 123a, 10 USC § 923a, and dishonorable failure to maintain sufficient funds on deposit to pay other checks which he had made and uttered, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, forfeiture of $20.00 per month for six months, confinement at hard labor for six months and reduction. With some reduction in the period of confinement and forfeitures adjudged, intermediate appellate authorities affirmed.

In mitigation and extenuation, defense counsel declared, on behalf of the accused, that the two checks involved in the counts of dishonorable failure to maintain funds were made and uttered in the honest belief that Harrell had sufficient funds on deposit to meet the obligations thereby incurred. According to counsel, Harrell possessed a joint checking account with his wife, who was charged with "handling of the check books and everything else," and first became aware of the deficiency in the account when the checks' return was brought to his attention.

The statement in mitigation and extenuation was patently inconsistent with accused's plea of guilty to Charge III and its specifications. United States v Remele, 13 USCMA 617, 33 CMR 149; United States v Downard, 6 USCMA 538, 20 CMR 254; United States v Rowan, 4 USCMA 430, 16 CMR 4. Its delivery required either that accused's pleas be set aside or that such representations on his behalf be with-

**517**

drawn. United States v Stanaway, 12 USCMA 552, 31 CMR 138; United States v Epperson, 10 USCMA 582, 28 CMR 148; Manual for Courts-Martial, United States, 1951, paragraph 70*b*. As no inquiry into their providence was made and, in consequence, no such action taken, the findings of guilty cannot stand.

The findings of guilty of Charge III and its specifications are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may reassess the sentence on the basis of the remaining findings of guilty, or direct a rehearing on Charge III, its specifications, and the penalty.