UNITED STATES, Appellee

v

HARRY M. VANCE, Private,
U. S. Army, Appellant

17 USCMA 444, 38 CMR 242

No. 20,562

March 29, 1968

*Captain Ray R. Williams, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Anthony F. Cilluffo*, and *Captain Paul V. Melodia*.

*Major R. Kevin McHugh* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major John F. Webb, Jr.*

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Fort Richardson, Alaska, charged with desertion terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. He pleaded guilty, was found guilty as charged, and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for two years. Intermediate appellate authorities affirmed the findings but an Army board of review reduced the confinement to eighteen months.

We granted review to consider whether the law officer erred in accepting the appellant's plea of guilty.

Appellate interest stems from the issue of providence of the plea. Despite a thorough explanation by the law officer that provoked from the appellant an acknowledgment of guilt and its ramifications, and a persistence in pursuing that affirmative course of action, defense counsel, at the time of the out-of-court hearing, exposed circumstances that cast doubt on the efficacy of the plea. When asked by the law officer whether he was satisfied that there was no legitimate or valid defense to the offense charged, counsel stated that, from his first encounter with the appellant, the latter had steadfastly maintained he had been discharged from the Army and was not a deserter. Realizing that such fact, if true, constituted a defense to the charge, counsel further stated he had made independent inquiry into the circumstances of the

**445**

case. He found the appellant had professed to other people, both before and after his apprehension, that he had been discharged. He personally, however, had been unable to obtain independent evidence of such fact. He asserted the appellant refused to testify in his own behalf, even though he had advised him that the facts as he related them would preclude conviction of any offense. Thinking that the prosecution could make out a *prima facie* case against his client and that he, counsel, had little or no chance to get evidence of such a defense before the court, he thought it best for the appellant to plead guilty. He related this feeling to the appellant and the latter concurred, although still maintaining he had been discharged. The plea was not made pursuant to a pretrial agreement.

If the appellant had been discharged from the Army, as he maintained, he would not have been amenable to trial under the Uniform Code, for jurisdiction depends upon his status at the time of trial. Toth v Quarles, 350 US 11, 100 L ed 8, 76 S Ct 1 (1955); United States v Scott, 11 USCMA 646, 29 CMR 462. See also Kinsella v United States, 361 US 234, 4 L ed 2d 268, 80 S Ct 297 (1960); McElroy v Guagliardo, 361 US 281, 4 L ed 2d 282, 80 S Ct 305 (1960); Grisham v Hagan, 361 US 278, 4 L ed 2d 279, 80 S Ct 310 (1960). If he had not, in fact, been discharged but *honestly* believed that he had been, he would have had a valid defense to the charge of desertion. United States v Holder, 7 US CMA 213, 22 CMR 3. Likewise, if he had not been discharged, appellant would still have had a valid defense to the lesser included offense of absence without leave if his belief was both *honest and reasonable*. United States v Holder, supra; United States v Scheunemann, 14 USCMA 479, 34 CMR 259.

Article 45(a), of the Code, supra, 10 USC § 845, provides:

"If an accused arraigned before a court-martial makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

See also Manual for Courts-Martial, United States, 1951, paragraph 70*b*, which comports generally with Rule 11, Federal Rules of Criminal Procedure. The responsibility for accepting a plea of guilty in a general court-martial is solely that of the law officer (president in a special court-martial), and such a plea should be accepted only after a most searching inquiry. United States v Chancelor, 16 USCMA 297, 36 CMR 453.

In the case at bar, a most thorough inquiry was made by the law officer and he is to be commended for his acute attentiveness to the procedural requirements discussed in *Chancelor*. The fact remains, however, that the continued assertion by the appellant, as related to the law officer by defense counsel, that he had been discharged was entirely inconsistent with his plea of guilty to a charge of desertion. Upon receipt of such information, the law officer should have received from the appellant a disavowal of such claim or refused to accept the plea. He did not do so. Cf. United States v Cleveland, 15 USCMA 121, 35 CMR 93; United States v Thomas, 14 US CMA 223, 34 CMR 3; United States v Gossett, 14 USCMA 305, 34 CMR 85; United States v Harrell, 14 USCMA 517, 34 CMR 297; United States v Caid, 13 USCMA 348, 32 CMR 348; United States v Schneiderman, 12 USCMA 494, 31 CMR 80; United States v Fernengel, 11 USCMA 535, 29 CMR 351.

In the last cited case, *Fernengel*, that accused pleaded guilty to a charge of desertion. Testifying in mitigation, he related matters which motivated one of the members to remark that he found such testimony hard to reconcile with his plea of guilty. The law officer

446

assured the court that he had inquired into the plea at the out-of-court hearing and that Fernengel persisted in his plea " 'so there is nothing to indicate that the plea is improvident.' " Defense counsel then informed the court that the plea of guilty was based upon the fact there was " 'nothing in substance in the evidence or the testimony of Recruit Fernengel to show that he intended to return to the Army upon the happening of a contingency or any other event.' " (*Ibid.*, at page 537.) Before this Court, the Government urged that we find the plea provident on the ground that the accused and counsel had weighed the evidence and determined it to be inadequate for an effective legal defense or to negate the existence of a specific intent not to return. Appellate defense counsel contended the statements indicate that counsel believed it was necessary to prove affirmatively that Fernengel intended to return and that, accordingly, the accused's plea was based on a misconception of the law and hence improvident. Finding the issue not free from doubt, we reversed and remanded for an inquiry into the circumstances of counsel's advice to the accused or, in the alternative, an affirmance of the lesser included offense of absence without leave.

Attached to his brief in this case, appellate defense counsel has appended an affidavit from the appellant detailing the circumstances surrounding his "discharge." Also included is an affidavit from Vance's former commanding officer in which he detailed his difficulties with the appellant and that he had discussed with appropriate authorities the possibility of Vance's separation from the service. He concludes with the statement, "Although records indicate that Private Vance deserted the U. S. Army, I cannot remember dropping him as a deserter nor can I remember separating him from the service with an Administrative Discharge." Prior thereto, this officer, in a personal letter to appellate defense counsel, which was filed before the board of review, stated:

". . . Private Vance was discharged or released from the Army on a fraudulent enlistment, based on the police report. Private Vance *did not* desert from USA Armor & Engr. Bd. and should not be court martialled for desertion."

As in *Fernengel*, the issue is at least in doubt. Perhaps had trial defense counsel been able to secure the comments or testimony of appellant's former commanding officer, the law officer unhesitatingly would have refused to accept the plea.

In such circumstances, we hold that the law officer erred in accepting the appellant's plea of guilty.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.