UNITED STATES, Appellant

v

ARTHUR REEDER, Private, U. S. Army, Appellee

22 USCMA 11, 46 CMR 11

No. 25,739

November 10, 1972

 

*Captain John P. Pinkerton* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Merle F. Wilberding.*

*Captain William X. Parsons* argued the cause for Appellee, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Francis X. Gindhart,* and *Captain Howard M. Schmeltzer.*

## Opinion of the Court

DARDEN, Chief Judge:

The Judge Advocate General, United States Army, has certified this case on the question whether the Court of Military Review erred in concluding that accused's plea of guilty to absence without leave was made improvident as to the remainder of the absence charged by his disclosure that he submitted himself to military control six days after his initial departure.

The specification alleged that Private Reeder absented himself without leave on January 4, 1969, and remained so absent until June 11, 1971. At the trial he pleaded guilty and, during the inquiry into the providence of that plea, disclosed that he had sought to return to military control on January 10, 1969.

Reeder stated to the military judge that he visited Fort Hamilton, New York, and attempted to obtain financial assistance from the Red Cross to return to his organization at Fort Hood, Texas. As he was absent without leave, he was referred to the military police. Arriving at their station, accused explained the situation and was told to sit down and wait. As the office proceeded to take "care of so many other things," accused again asked "if there was any chance" and was again told to wait. Finally, he became "bored" and left.

The military judge, concurring with the opinion of counsel, concluded there

had been an "imperfect submission to military control" and found the plea provident as to the entire period of absence. The Court of Military Review found accused had effectively surrendered to the military police and initially approved a period of absence beginning on January 10, 1969, and extending to June 11, 1971. On reconsideration, it withdrew its former opinion and approved only an absence from January 4, 1969, until accused's purported surrender to the military police on January 10, 1969.

The Government admits that accused's appearance at the military police station may have terminated his initial period of absence without leave but contends the Court of Military Review erred in holding it could not affirm findings of guilty of the longer absence that commenced after that surrender. Accused argues that he was charged and pleaded only to a charge of unauthorized absence which began on January 4, 1969, and that approval of a separate absence which began on January 10, 1969, would constitute a fatal variance.

 The Government's concession that accused's statement may have terminated his absence and was inconsistent with his plea of guilty is entirely proper. Accused declared that he entered the military police station, informed the authorities of the circumstances, and was twice told to wait until his return might be more

formally processed. After approximately an hour and one-half, he departed. Thus, a basis exists for a finding that he submitted himself to military control with the full intention of returning to duty, and his conduct, if true, was sufficient to end his unauthorized absence. United States v Kitchen, 5 USCMA 541, 18 CMR 165 (1955); United States v Acemoglu, 21 USCMA 561, 45 CMR 335 (1972). At the least, the statement obligated the military judge to make further inquiry to determine the full extent of the inconsistency and, absent the accused's withdrawal of his avowals, to reject the plea. United States v Timmins, 21 USCMA 475, 45 CMR 249 (1972); United States v Thompson, 21 USCMA 526, 45 CMR 300 (1972); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 70b.

■ Article 45, Uniform Code of Military Justice, 10 USC § 845, compels the entry of a plea of not guilty when an accused introduces information inconsistent with his plea of guilty. United States v Lewis, 18 USCMA 287, 39 CMR 287 (1969). The statute "manifest[s] a congressional intent that guilt be acknowledged consistently from the plea through the sentence." United States v Thompson, supra, at page 528. The military judge, to comply with the statute, must determine from the accused his attitude toward his statement in relation to his plea, and it is insufficient for the judge to obtain and rely on the legal conclusions of counsel regarding the statement's effect. United States v Timmins, supra. The Court of Military Review correctly determined that accused's plea of guilty was improvident and that the military judge erred in accepting it without further inquiry into the accused's activities at Fort Hamilton.

■ Turning to the Court's affirmance of the 6-day absence terminated on January 10, we are equally convinced its action was correct.[1] Accused was charged with an absence that started on January 4. His statement disclosed that this violation of Article 86 ended on January 10 and that a new one occurred on the same day. Absence without leave is committed on the day of the inception of the absence. United States v Krutsinger, 15 USCMA 235, 35 CMR 207 (1965); United States v Emerson, 1 USCMA 43, 1 CMR 43 (1951). Permitting the Court to affirm findings of guilty of the second absence that began on January 10 would allow it to convict the accused of an offense with which he was not charged.

A material variance between pleading and proof exists when the offense sought to be affirmed is not comprehended within the one charged. Stirone v United States, 361 US 212, 4 L Ed 2d 252, 80 S Ct 270 (1960). The effect of a fatal variance is well documented in military law. United States v Little, 5 CMR 382 (AFBR 1952); United States v Henry, 7 CMR 680 (AFBR 1952); United States v Amato, 9 CMR 416 (ABR 1953). As noted in 2 Wharton, Criminal Evidence, 11th ed, § 1039, at page 1829:

"It must be noted, however, that although time may not be an element of certain crimes, and though the time alleged is immaterial, the transaction charged is material, and a defendant cannot be tried for two crimes under a charge of one; nor can the state under the claim that time is immaterial switch from one act, and rest its case upon proof of another act. Where a specific offense is charged, the indictment cannot be sustained by proof of a second offense even on the same day. This is a different matter from proving the same act charged, but upon a different date."

This is the situation presented in this record. Accused was charged

---

[1] ■ The Court of Military Review might properly have ordered a rehearing on the charge rather than affirming the lesser period of absence. While affirmance is within that Court's discretion, a rehearing would permit the accused to be tried upon the full evidence against him and allow the Government to test his otherwise unsubstantiated assertions.

with a single absence without leave, and his statements during the plea inquiry established that two absences were involved. The first, shorter period was a part of that with which he was charged. The second, which the Government would have us direct the Court of Military Review to affirm, was a separate crime. The situation presented differs from one involving a specification that alleges a single absence, the length of which must be curtailed because of deficiencies in the proof. See United States v Harris, 21 USCMA 590, 45 CMR 364 (1972). Where one offense is charged but two are proved, only the one alleged may properly be affirmed, and that is the action the Court of Military Review has taken here. The certified question is answered in the affirmative.

We reiterate our observation that military judges can avoid difficulties of the kind this case presents by the unhesitating rejection of pleas when the accused make statements inconsistent with their pleas. The desire of defense counsel to save his bargain and that of the trial judge to eliminate apparently unnecessary trials is wholly understandable. Little is gained, however, if actions well-intended at the trial lead to appellate reversal at a time when it is much more difficult for the Government to assemble its proof and put the accused to the test at a rehearing. The answer lies in close scrutiny of the plea at the trial and unremitting attention to requiring the accused either to forgo his plea or to withdraw from his inconsistent position. See Manual, supra, paragraph 70b.

The decision of the Court of Military Review is affirmed.

Judge QUINN concurs.

DUNCAN, Judge (concurring):

I am constrained to comment on the failure of the Court of Military Review to order the case to be tried after deciding the guilty plea to have been improvident. I appreciate that the certification of this case to us is designed to decide the sole issue and

**22 USCMA 14.**

that the Government has opted not to raise any issue regarding the matter about which I will express my concern. Therefore, I concur only because the Government has elected not to raise the issue. Nevertheless, in my view, the procedure employed in the instant case appears to abate litigation of issues properly raised at the trial level.

I agree with the decision that "[t]he Court of Military Review correctly determined that accused's plea of guilty was improvident and that the military judge erred in accepting it without further inquiry into the accused's activities at Fort Hamilton." Furthermore, assuming that there was a *proper finding of fact* that the appellee returned to military control on January 10, 1969, I agree with the legal conclusions of the other members of the court. My view is that the Court of Military Review should have ordered the case to be retried after deciding the guilty plea to have been improvident. As a result of the judgment of the Court of Military Review, I see no way that the Government will be able to litigate the issue of Reeder's alleged return to military custody or, at the minimum, be given the opportunity to forgo litigation of the issue.

The Court of Military Review, utilizing its authority to review on matters of law, determined the plea to be improvident. On the other hand, utilizing its fact-finding authority, can it be said that that court can decide, as a matter of *fact*, that Reeder returned to custody as he stated. I think not. Without a proper finding of fact of a date of return, there is no predicate for a finding of law of partial providency of the plea. If so, the fact-finding authority of that court would be broader than that of trial tribunal. Keeping in mind the state of the record in the case before us, could the military judge have heard the accused's testimony upon the plea providency inquiry, determine as a matter of fact the absence ended January 10, 1969, and proceed to sentence on that basis, all without the Government's acquiescence? What of the right to

present evidence and cross-examine? For me the answers are clear; there is no such procedure available to the trial judge. There should be no such procedure employed by the reviewing court.

The result we reach makes the appellee culpable for another absence offense. It may then be asserted that the Government is not deprived of its day in court. But why two courts-martial when one should suffice? Moreover, the second trial would not offer an opportunity to litigate the lost issue—when did appellee return to military control.

Upon finding the plea improvident, the cause should have been set for trial.