UNITED STATES, Appellee

v

DAVID M. LOGAN, Specialist Five, U. S. Army, Appellant

No. 26,481

June 15, 1973

*Captain George Clyde Gray* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Gilbert J. Weller.*

*Captain Thomas W. Phillips* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Stan L. Spangler,* and *Captain Richard L. Menson.*

## OPINION OF THE COURT

DARDEN, Chief Judge:

In this case, we consider the providence of the accused's pleas of guilty to larceny and conspiracy in light of his testimony in mitigation concerning threats against his family and the admissibility of a previous conviction by special court-martial in aggravation of sentence.

### I

The accused, stationed in Korea, pleaded guilty to charges of conspiracy to commit larceny and larceny. Before accepting the pleas, the military judge conducted a full inquiry into the circumstances of the offenses and elicited from the accused statements that fully supported his pleas. In mitigation and extenuation, the accused testified that he received a series of about 10 telephone calls from an unidentified person. The first was from a person who purported to be a Red Cross representative and who informed him that his wife was dead. The others conveyed threats against his wife and children, who were living in the United States, if he did not cooperate in the theft of the items charged, as well as that of a large van. The accused reported these calls to the military police, who were unable to trace their source.

The accused stated that he stole the jeep because he needed money and "my family was in danger." He believed them still to be in danger but had been unable to prove the identity of the man who was making the telephone calls. Elsewhere in his testimony, he declared that he suspected a certain senior noncommissioned officer of making the calls and that he participated in the thefts in the hope of being able to unmask him as the offender.

Appellate defense counsel urge that the accused's statements, if accepted as true, establish that he acted under duress and that his guilty pleas were improvident. Relying on our decision in United States v Pinkston, 18 USCMA 261, 39 CMR 261 (1969), they pray for reversal. The Government contends to the contrary that, to be inconsistent with the plea, the accused's statements must reasonably raise the affirmative defense of duress rather than present the mere possibility that the defense exists. Government counsel assert that the accused's statements in mitigation are not enough to place the defense of duress reasonably in issue.

Article 45, Uniform Code of Military Justice, 10 USC § 845, requires rejection of a plea of guilty if the accused later sets up matters inconsistent with his plea. United States v Lewis, 18 USCMA 287, 39 CMR 287 (1969). In this respect, military practice differs from that in other federal courts. In those courts, the accused may plead guilty even though he personally professes innocence. North Carolina v Alford, 400 US 25 (1970). Military courts are bound by the provisions of Article 45 and if the accused "after a plea of guilty sets up matter inconsistent with the plea . . . a plea of not guilty shall be entered in the record."

A necessary corollary to this requirement is that the accused set up something that is truly inconsistent with his plea. In United States v Timmins, 21 USCMA 475, 479, 45 CMR 249, 253 (1972), we stated that the plea must be set aside if the accused's testimony "reasonably raised the question of a defense." The Court has also pointed out that a patent inconsistency between the plea and the accused's statements requires rejection of the plea. United States v Welker, 8 USCMA 647, 25 CMR 151 (1958). On the other hand, we have found no inconsistency when the accused failed to recall the factual basis for the charges but was satisfied from the evidence that he was guilty. United States v Luebs, 20 USCMA 475, 43 CMR 315 (1971); United States v Butler, 20 USCMA 247, 43 CMR 87 (1971).

In reversing for improvidence of pleas, some of our cases have referred to the "possibility" of conflict between the plea and the accused's statements and the necessity for resolving all doubts of providence in favor of the accused. United States v Lewis, supra; United States v Vance, 17 USCMA 444, 38 CMR 242 (1968); United States v Epperson, 10 USCMA 582, 28 CMR 148 (1959). If these cases are understood to mean that rejection of the plea or reversal must follow

from the mere possibility of conflict between a guilty plea and the accused's statements, they should be no longer followed. As was stated in *Timmins,* the record must contain some reasonable ground for finding an inconsistency between the plea and the statements.

In many criminal cases, the tactical possibility of raising a defense exists even though the accused and his counsel know that the contention has little substance and that in all likelihood they will be unable to convince the factfinders. See United States v Hinton, 8 USCMA 39, 23 CMR 263 (1957). In these cases, without statements or declarations by the accused in substantial conflict with his plea, "it would be 'a hollow gesture' if we were to set aside the plea of guilty and order a rehearing." Id. at 42, 23 CMR at 266.

The Supreme Court has declared that the "prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve." North Carolina v Alford, supra at 39. While we necessarily adhere to the mandate of Article 45, the intent of that article is fully met by requiring some substantial indication of direct conflict between the accused's plea and his following statements.[1]

Turning to the facts before us, we are unpersuaded that the accused's declarations regarding the threats to his family are substantially in conflict with his plea. In United States v Pinkston, supra at 262, 39 CMR at 262, we stated that the defense of duress "is available to an accused who was acting under a well-grounded apprehension of immediate death or serious bodily harm." In that case, the accused's fiancee and son had allegedly been threatened with death by local nationals if he did not comply with their demands. One of his friends had been shot by the same group. He had

been restricted to his area because of a Criminal Investigations Detachment warning that the men intended to kill him. Even under these circumstances, we found only that the testimony was sufficient "to place the law officer on notice that a *potential* defense . . . existed" and that he "failed to recognize . . . a · *possible* defense." Id. at 263, 39 CMR at 263 (emphasis added).

▪ In this case, the accused's statements are less persuasive and offer no substantial basis for finding a conflict with his plea. Unlike that of Pinkston, this accused's family was located in the United States, thousands of miles from the situs of the threats and crimes in Korea. Logan did not attribute his motivation for committing the offenses solely to his alleged fear for their safety but added that he committed them also to obtain money and to confirm his suspicions as to the identity of his caller. Accepting his assertions as true for this purpose, we are unable to conclude that there is any real foundation in them for a well-grounded apprehension of immediate death or serious bodily harm if he did not participate in the venture. While the possibility of death or such harm may have existed, the statements of the accused did not constitute the substantial conflict that requires a plea to be set aside. Article 45, UCMJ, 10 USC § 845; United States v Timmins, supra. Rather, the explanation has the ring of "the usual version given by one who seeks to soften the punishment to be imposed, by assuring a court that he would not have been in the hands of the law had he been fully conscious of the consequences." United States v Wright, 6 USCMA 186, 190, 19 CMR 312, 316 (1955).

II

▪ Under the Court's decision in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973), the prior special court-martial conviction of

---

[1] It is important to note that we continue to require the full inquiry into the accused's plea of guilty set forth in United States v Care, 18 USCMA 535, 40 CMR 247 (1969), with particular emphasis being placed on the accused's understanding of the nature and effect of his plea, the factual basis for his admission of guilt, and full inquiry by the military judge into any inconsistencies that may develop.

the accused was admissible. United States v Henry, 22 USCMA —, — CMR — (June 8, 1973). For the reasons set forth in my separate opinion in *Alderman,* I join with Judge Quinn in affirming the decision of the Court of Military Review. For the reasons set forth in his separate opinions in United States v Alderman, supra, and United States v Henry, supra, Judge Duncan would return the case to the Court of Military Review for reassessment of the sentence.

The decision of the United States Army Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.