UNITED STATES

v.

Scott E. GIBSON, 558 87 8075,
Private First Class (E–2),
U.S. Marine Corps.

NMCM 97 01577.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 3 June 1997.

Decided 25 Feb. 1999.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

Maj Clark R. Fleming, USMC, Appellate Government Counsel.

Before LEO, Senior Judge, TROIDL and ANDERSON, Appellate Military Judges.

LEO, Senior Judge:

In accordance with his pleas, the appellant was convicted at a special court-martial before a military judge alone of two specifications of unauthorized absence and wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1994). He was sentenced to confinement for 60 days, forfeiture of $600 pay per month for six months, reduction to E–1, and a bad conduct discharge. The convening authority approved the sentence, as adjudged.

We have examined the record of trial, the appellant's assignments of error, and the Government's response. We conclude that

the assignments of error are without merit, the findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant was committed. Art. 59(a) and 66(c), UCMJ.

I.

█ In his first assignment of error, the appellant contends that the trial counsel's substitute authentication of the record of trial was improper and, therefore, requests that we return the record for a proper authentication.

"Substitute authentication" by the trial counsel is permitted as a result of the military judge's death, disability, or absence. RULE FOR COURTS-MARTIAL 1104(a)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). The term is expounded upon in the Discussion following R.C.M. 1104(a)(2)(B):

> Substitute authentication is authorized only in emergencies. A brief, temporary absence of the military judge from the situs of the preparation of the record of trial does not justify a substitute authentication. Prolonged absence, including permanent change of station, ordinarily justifies substitute authentication.

The military judge in this case was a reservist who was released from active duty prior to the completed transcription of this record. As a result, substitute authentication was accomplished by the trial counsel due to the military judge's return to reserve status. The appellant argues that, because a reservist normally drills once a month, the military judge's release from active duty constitutes only a "brief absence" which does not excuse the requirement for him to authenticate the record. Brief and Assignment of Errors at 2. We disagree.

Assuming *arguendo* that a reserve military judge would, in fact, drill once a month—although we have no evidence to support such a contention in this case—there could still be a several week delay, depending on when the record of trial was completed. We have held that a military judge's 30-day authorized leave was not a brief absence as to require a delay in post-trial processing to allow him to authenticate the record. *United*

*States v. Walker,* 20 M.J. 971 (N.M.C.M.R. 1985). We have also held that a military judge's six-week period of temporary additional duty (TAD) away from the situs of the trial was a significant and substantial absence triggering the substitute authentication procedures set forth in R.C.M. 1104(a). *United States v. Mahler,* 49 M.J. 558 (N.M.Ct.Crim.App.1998). We, likewise, hold here that a military judge's release from active duty to inactive reserve status is sufficient to establish his absence for purposes of substitute authentication. Upon release from active duty, an inactive reservist assigned to a reserve judiciary billet is under no military obligation to perform judicial duties, even to review a record of trial for authentication. If he or she agreed to do so, it would still require the use of scarce administrative assets to track, deliver, and retrieve the records. To delay authentication of a record in this manner by not just a few days, but several weeks or more, serves no useful purpose; the unwarranted delay may actually impede the expeditious consideration of an accused's clemency request.

█ The appellant also argues for the first time on appeal that he was prejudiced by the substitute authentication because of a perceived inconsistency in the record of trial. We again disagree.

In reviewing the provisions of the pretrial agreement with the appellant, the military judge advised him that there were four ways in which the agreement could become null and void. Record at 23–24. The agreement itself only states that, if the appellant's guilty pleas do not remain in effect through the announcement of the sentence, the convening authority may withdraw from the agreement. Appellate Exhibit I at 2.

First of all, the advice which the military judge gave was obviously taken verbatim from the Navy–Marine Corps Trial Judiciary Trial Guide, January 1996, at 31. Even though the appellant's pretrial agreement does not expressly state the different ways in which the agreement may become null and void, we hardly find this elaboration by the military judge to be prejudicial to the appel-

lant. On the contrary, it would be to his benefit.

Second, verification of what was actually stated at trial will come from the tapes of the trial proceedings and not the military judge's independent recollection. No objection as to the accuracy of the record was made to the convening authority by the appellant or his counsel when they had the opportunity to do so. Since we find no plain error, the matter was waived. R.C.M. 1107(f)(6).

## II.

In his third assignment of error, the appellant contends that his guilty plea to the charge of marijuana use (Charge II and the specification thereunder) is improvident because there is no factual basis to show how the appellant knew he was smoking marijuana. We disagree.

 In reviewing a post-trial claim that a guilty plea is improvident, the standard of review requires a "substantial basis for finding a conflict with [an accused's] plea" before we will find error in the military judge's acceptance of the plea. *United States v. Logan*, 22 C.M.A. 349, 47 C.M.R. 1, 3, 1973 WL 14641 (C.M.A.1973); *United States v. Prater*, 32 M.J. 433 (C.M.A.1991). The mere possibility of a defense is not enough; the defense must be "reasonably raised" by the accused's testimony during the providence inquiry. *United States v. Roane*, 43 M.J. 93, 98–99 (1995)(citing *United States v. Logan*, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973)).

During the providence inquiry, the appellant admitted that he knew the substance he used was marijuana, he smoked it using a pipe, he did so because he wanted to get high, and he did not believe that he was using some type of regular or Turkish tobacco. He further acknowledged that he was aware he could not be convicted if he did not know that the substance was actually marijuana. Record at 18–20. Based on the infor-

mation elicited during the providence inquiry, it was not necessary for the military judge to have the appellant disclose further how he knew the substance was marijuana; we are convinced that the appellant provided sufficient facts to support the acceptance of his guilty plea to this charge.

## III.

We have considered the remaining assignments of error [1] and, without further discussion, find them to be without merit. We affirm the findings and the sentence, as approved on review below.

Judge TROIDL and Judge ANDERSON concur.

---

1. II. THE MILITARY JUDGE ERRED WHEN HE ACCEPTED AN IMPROPERLY SIGNED PRETRIAL AGREEMENT.

IV. THIS COURT, BY REQUIRING ONLY ONE JUDGE OF THE PANEL TO READ THE RECORD OF TRIAL BEFORE THE PANEL ISSUES A DECISION, VIOLATES ITS OBLIGATIONS UNDER ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE. (Citations omitted.)