UNITED STATES, Appellee.

v

RAYMOND M. HINTON, Airman Second Class, U. S. Air Force, Appellant

8 USCMA 39, 23 CMR 263

No. 9317

Decided May 31, 1957

*Major George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Major John M. Rankin* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Brought to trial before a special court-martial on two specifications of larceny, the accused entered a plea of guilty. The effect of the plea was explained to the accused, and he persisted in it. Notwithstanding the plea, evidence of the thefts was introduced by the prosecution, together with a voluntary pretrial statement by the accused in which he admitted the larcenies charged and several others. The accused also testified in connection with specification 2. The substance of his testimony was that the money was stolen by another airman, and that he merely received part of the proceeds.

He admitted that he informed the other airman of the existence of the money and provided him with a key to the service club icebox in which the money was deposited. The accused was convicted on both specifications.

On review, the general court-martial authority's staff judge advocate noted that the "testimony of the accused and tactics of his counsel" indicated they were confused as to the accused's guilt in regard to specification 2. They seemed to maintain that the accused was really guilty of knowingly receiving stolen money. To "resolve all doubts," the staff judge advocate recom-

mended that the findings of guilty of specification 2 be set aside, and that the specification be dismissed. The recommendation was adopted. When the case came before the board of review, the accused contended that his plea on specification 1 should have been set aside as improvident. The contention was rejected. We granted review to consider the correctness of that determination.

The plea of improvidence is based upon two statements in the record which are represented as raising an issue as to the accused's sanity. The first is a comment by the accused in his pretrial confession as follows: "I am in a mental condition where whenever I see something, I feel I have to take it, even though I do not need it." The second item is part of the unsworn statement on behalf of the accused made by defense counsel during the sentence proceeding. Calling attention to the accused's reference to his mental condition, defense counsel said: "The accused has stolen things for no practical purpose and has not used them himself, has not in any way premeditatively planned larceny and in other words is to some degree a kleptomaniac." Trial counsel questioned the propriety of defense counsel's argument, and pointed out that "if . . . [the accused] is in a mental condition," the defense should have requested postponement of the trial until a psychiatric examination could be had. "If," he concluded, "it came out that he [the accused] was klepto in a certain amount, to a certain degree, this trial would not have been held today."

The accused argues strenuously that the evidence is sufficient to raise at least an issue as to his mental capacity to entertain the specific intent required for the offense charged. See United States v Dunnahoe, 6 USCMA 745, 21 CMR 67. Giving maximum effect to "the preferred rating" accorded insanity, we can assume the correctness of this argument. However, the assumption does not require the conclusion that the accused's plea is inconsistent with it or that the plea was improvident.

Incidental evidence of a mental condition is not proof of the existence of the condition to that degree which the law requires before it will hold harmless a person who commits an act which, but for the condition, would be criminal. Thus, in United States v Wright, 6 USCMA 186, 19 CMR 312, we held that a statement by the accused that he was "very much under the influence of alcohol . . . [that he] lost his head . . . couldn't control . . . [himself, and] didn't know or understand what . . . [he] was doing" was insufficient to justify setting aside his plea of guilty to a larceny charge. So too, in United States v Trede, 2 USCMA 581, 10 CMR 79, another larceny case, we refused to set aside a plea of guilty where the accused's doctor testified during the sentence proceeding that the accused was not mentally ill, but that he acted under the "irresistible impulse" of an "immature" reaction. In a guilty plea case we cannot disregard the probability that the accused and his counsel weighed the evidence and determined that it was inadequate for an effective legal defense or to negate the existence of a specific intent. As a result, they could well have decided to disregard the evidence in favor of the possible advantage of a guilty plea. See Newman, Pleading Guilty for Considerations, A Study of Bargain Justice, 46 The Journal of Criminal Law, Criminology, and Police Science 780 (1956). The critical question, therefore, is whether the accused and his counsel were aware of the legal effect of the evidence claimed to be inconsistent with the plea of guilty.

Although defense counsel argued that the accused stole articles "for no practical purpose," the recitals in the accused's pretrial statement show the contrary. The specification before us charges the theft of a radio. The radio was pawned; it was redeemed and hidden when the accused became "afraid . . . [he] might be discovered." The specification set aside by the convening authority alleged the larceny of money. In addition, the accused stole vodka and whiskey, which he consumed; twenty

**41**

gallons of gasoline, which he used in his car; and the hubcaps from an automobile, which he put on his own car. He also stole clothing which he purportedly threw away. No explanation for the disposal is found in the accused's pretrial statement. It is not unlikely, however, that the accused discarded the clothing because it did not fit.

The supposed unsworn statement by the accused is actually an argument by counsel on the sentence. In it, defense counsel clearly shows that he did not regard the accused as of unsound mind. True, he argued that the accused's crimes were "not in any way premeditatively planned," and that they indicate "to some degree [the accused is] a kleptomaniac." In the context of the whole argument, these remarks are plainly intended as advocate's oratory, not a statement of fact or reasonable belief. Thus, after adverting to the accused's "limited intelligence and limited ability," defense counsel maintained that the court-martial must "take into account just what measures were taken by . . . his NCOIC and the squadron commander, to properly assign him to a section which would bring out the best" in the accused. Moreover, it is not contended on this appeal that the accused is anything but legally sane and fully responsible for the offenses for which he was convicted or even that he has any other meritorious defense. Under the circumstances, we must conclude that the plea of guilty was not improvidently entered. Indeed, on this record it would be "a hollow gesture" if we were to set aside the plea of guilty and order a rehearing. United States v Wright, supra, page 189.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.