**UNITED STATES, Appellee,**

v.

**Charles PETRIE, Specialist Four, U.S. Army, Appellant.**

**No. 31,134.**

U. S. Court of Military Appeals.

March 5, 1976.

Colonel Alton H. Harvey, Captain Michael R. Caryl, Captain Edward E. Shumak-

er, III, and *Captain Robert D. Jones* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Lee D. Schinasi,* and *Captain Jonathan D. Glidden* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Before us the appellant challenges the legal sufficiency of the evidence to support his conviction by a special court-martial, contrary to his pleas, for robbery of $178 from Private Tommie L. Benson.[1] Specifically, the appellant urges that the evidence is legally deficient as to the requisite intent to steal, contending that it was his intent only to regain his own property which he believed he had a bona fide right of claim to recover from the named victim. We are not in accord with the appellant's position.

The operative facts of record as found by the Court of Military Review from the conflicting trial testimony, which facts are supported substantially by the evidence and, therefore, binding upon us in resolution of the legal issue presented,[2] reveal that on the day before the robbery approximately 100 grams of hashish, belonging to a friend named Private Martin, was stolen from the appellant's desk drawer in his barracks. For certain reasons not relevant to the question at bar, the appellant became convinced that Private Benson had stolen the contraband and went to the latter's barracks, accompanied by three friends, to confront him with the charge. After the appellant had "slapped" his victim a few times and inquired as to the whereabouts of his "stuff," Benson repeatedly denied any knowledge of the purloined hashish. Sometime during the scuffle, Benson's wallet fell out of his pillow, from which the appellant removed and pocketed $178. Later, he gave $150 of that amount to Private Martin and kept $28 himself.

---

1. Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. Additionally, the appellant was charged with, but acquitted of, using provoking words toward the same Private Benson.

2. *United States v. Phifer,* 18 U.S.C.M.A. 508, 40 C.M.R. 220 (1969); *see United States v. Lohr,* 21 U.S.C.M.A. 448, 45 C.M.R. 222 (1972).

**334**

Robbery is a compound offense, consisting of an assault and a larceny. *United States v. Kachougian,* 7 U.S.C.M.A. 150, 21 C.M.R. 276 (1956); *United States v. Calhoun,* 5 U.S.C.M.A. 428, 18 C.M.R. 52 (1955). Therefore, as we concluded in *Kachougian:*[3]

> [A] person is not guilty of robbery in forcibly taking property from the person of another, if he does so under a bona fide belief that he is the owner of such property, or is assisting an owner. *People v. Rosen,* 11 Cal.2d 147, 78 P.2d 727 (1938).

The rationale, of course, is that a person who takes property from another under an honest belief that the property is his own or that he is entitled to its possession[4]—that is, with the sincere belief that he has a right of claim to that property—is doing so without the specific intent to deprive the other person wholly and permanently of property to which that other person has a superior right of possession. In short, the requisite intent to steal is absent.

Necessarily, however, in order to fall within the parameters of this theory the accused must have had a legal *right* of possession, he must have been *entitled* thereto. It is our opinion that since the appellant had no *right* to reassert possession of the contraband hashish, as such would have been criminally chargeable, he may not now avail himself of the right-of-claim notion to avoid conviction for robbing the possessor of that hashish or, as in this case, of property taken in lieu thereof. There is no retrieval right to contraband. By definition, he is outside its scope.

The decision of the U.S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

---

3. 7 U.S.C.M.A. at 156, 21 C.M.R. at 282.

4. This concept applies not only to one who believes he is the owner of the property in question, but also to him who acts while believing that he is entitled to its possession and that his right thereto is superior to that of the person from whom he takes the property. *See* 67 Am.Jur.2d *Robbery* § 17 (1973); 2 Wharton,

COOK, Judge (concurring in the result):

I concur in the result on the ground that the evidence amply supports a finding, explicitly noted by the Court of Military Review, that the accused took the money from Benson knowing that he had no right to it.

Criminal Law and Procedure § 565 (1957). Thus, for instance, it applies to an individual who takes property from another under the bona fide belief that he has a right to that property to satisfy or to secure a debt. *See United States v. Eggleton,* 22 U.S.C.M.A. 503, 47 C.M.R. 920 (1973); *United States v. Smith,* 2 U.S.C.M.A. 312, 8 C.M.R. 112 (1953).