598

UNITED STATES, Appellee,

v.

Private E–2 Charles E. MACK, SSN
454–33–4255, United States
Army, Appellant.

SPCM 13367.

U. S. Army Court of Military Review.

26 Oct. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain John E. Caulking, JAGC, and Captain Peter A. Nolan, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted by a special court-martial of robbing Miss Jutta E. Benthier and assaulting a fellow soldier in two separate incidents. He was punished under the provisions of Articles 122 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 922 and 928. The sentence imposed by the military judge and approved by the convening authority is a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 a month for three months and reduction to the grade of Private E–1.

He asserted at the trial, and before this Court, the defense of mistake of fact to the robbery charge. He explained that shortly before the robbery, he provided a German female with $132.00 for the purpose of purchasing narcotics for him. He described the money as "eighty-five dollars in American money, and the rest of it was in marks." When she did not return with the contraband, he initiated a search for her to recover the money. Upon seeing a female that resembled her, he forcibly stole her purse worth 60 Deutsche marks. It contained 300 Deutsche marks. The appellant was apprehended immediately after the incident.

 The trial judge rejected the appellant's defense of mistake of fact. In doing so, he stated that he believed the appellant's testimony concerning the circum-

stances surrounding the robbery but that he was convinced the appellant's mistake in identification of the victim was unreasonable. We accord due consideration to his resolution of the facts but the legal principle the judge applied is incorrect. Since robbery consists of an assault and a larceny and larceny is a specific intent offense, an honest mistaken belief is a sufficient defense, without regard to the reasonableness of the mistake.[1] *United States v. Rowan*, 4 U.S.C.M.A. 430, 16 C.M.R. 4 (1954).

As a general principle of law, a person is not guilty of robbery in forcibly taking property from the person of another, if he does so under a bona fide belief that he is the owner of the property. *United States v. Kachoughian*, 7 U.S.C.M.A. 150, 21 C.M.R. 276 (1956). The reason for this rule is that one who takes his own property or that which he believes to be his own property lacks the felonious intent required for larceny or robbery.

We reject government counsels' notion that this principle is inapplicable to the forcible taking of funds involved in a drug transaction. They cite *United States v. Petrie*, 1 M.J. 332 (C.M.A.1976) and *United States v. Robinson*, 49 C.M.R. 183 (A.C.M.R. 1974) in support of their proposition. *Petrie* offers no support because it concerns an accused who attempted to rob the victim of contraband and when he was unsuccessful, he stole the "victim's money." Neither does *Robinson* advance their theory because the property taken in that case was "proceeds that belonged to a drug dealer." In both cases the offenders stole funds to which they had no legal proprietary interest. In the instant case, however, the appellant attempted to recapture the same funds that he tendered to another and to which he was legally entitled. Because of this distinguishing feature, he benefits from the rule in *United States v. Kachougian, supra.*

Since the judge was convinced that the appellant's mistaken belief was honest, he should have acquitted him of robbery of the Deutsche marks, at least to the converted value of $132.00.[2] In recovering money under this claim-of-right theory, it is not necessary that the identical money be recaptured. *See People v. Rosen*, 11 Cal.2d 147, 78 P.2d 727 (1938). However, the law does not excuse the appellant of assaulting the victim. The right to recapture does not include the right to exercise violence as a method of enforcement. Further, the conviction for robbery of the purse may be sustained because the appellant had no proprietary right to it.

Accordingly, only so much of the finding of guilty of the Charge and its specification as finds that the appellant did, at Hanau, Germany, on or about 24 October 1977, by means of force and violence, steal from the person of Jutta E. Benthier against her will, a purse, of a value of about 60 Deutsche marks ($20.00), the property of the said Jutta E. Benthier, in violation of Article 122, Uniform Code of Military Justice, is affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error, our action herein and the entire record, the Court affirms the sentence.

Senior Judge MITCHELL concurs.

DRIBBEN, Judge, dissenting:

## I

Utilizing the factfinding powers granted by Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, while bearing in mind that the trial court saw and heard the witnesses, I do not believe that appellant honestly thought that he was recovering his money from the person to whom he had earlier given it. Appellant, in his testimony

---

1. The honest and reasonable standard in the Manual for Courts-Martial, United States, 1951, paragraph 200*a* (6), was not included in the revised edition.

2. This is the amount the appellant lost. There is no evidence in the record of the relative value of Deutsche marks to dollars at the time the offense was committed. However, the specification indicates that 300 DM were valued at $135.00.

before the trial judge sitting as a special court-martial, was not sure whether the victim from whom he snatched a purse was in fact the person to whom he had earlier given money for a drug purchase. This is not surprising. Appellant jumped from a car at night, approached the victim from the rear, tore her purse away from her and rapidly returned to the waiting vehicle which then sped away.

I do not dispute appellant's allegation that he gave money to a female to purchase narcotics for him. I do not doubt that she failed to carry out her part of the agreement and left with the money. I do find the evidence warrants the conclusion that appellant, once he realized that his money had indeed gone for naught, decided to make himself whole at the first opportunity. Consequently, the facts of this case lead me also to conclude that appellant's claim that he took the money involved under a *bona fide* belief that it was his was a mere pretext resorted to as a cover for an intent to rob the first available victim he could find.

## II

I do not dispute the general principle of law that a person cannot be guilty of robbery in forcibly taking from the person or presence of another if he does so under a *bona fide* belief that he is the owner of the property or is entitled to the possession thereof. *United States v. Rowan,* 4 U.S.C. M.A. 430, 16 C.M.R. 4 (1954); *United States v. Kachoughian,* 7 U.S.C.M.A. 150, 21 C.M.R. 276 (1956); *United States v. Petrie,* 1 M.J. 332 (C.M.A.1976); *People v. Rosen,* 11 Cal.2d 147, 78 P.2d 727 (1938). Even assuming *arguendo* that appellant did have an honest belief that he was the owner of the money he sought to recover, I have grave reservations in requiring only a *bona fide* belief as to the identity of the person from whom one seeks to recover his alleged property by force or fear. The observation that ". . . one seeking to recapture his own property should make certain he had chosen the right offender before using a deadly weapon to force compliance" should

apply to unarmed as well as armed attempts to recapture by force or fear what one honestly believes to be his own. *See Kachoughian, supra,* 7 U.S.C.M.A. at 157, 21 C.M.R. at 283.

This principle of law that one needs only an honest belief that he is the owner of or is entitled to possession of property in order to avoid a conviction of robbery is conducive to taking the law into one's own hands. Surely it is not asking too much to require a reasonable as well as an honest belief that the person who is accosted is indeed the one who wrongfully took the property in the first place. Any lesser standard increases the possibilities of violent resistance and possible injury or death to blameless victims.

## III

Any defects alleged by appellant to exist in the post-trial review were waived by failure of the trial defense counsel to object thereto. *United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976); *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977).

I would affirm the original findings of guilty as well as the sentence.