**UNITED STATES, Appellee,**

v.

**Sergeant Robert E. SHULTS, SSN 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, United States Army, Appellant.**

**CM 437627.**

U. S. Army Court of Military Review.

26 March 1979.

Captain Courtney B. Wheeler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry C. Schafer, JAGC.

Captain Michael J. Wall, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Major Michael B. Kennett, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

In a bench trial and pursuant to his pleas, the appellant was convicted of two specifications each of possession and sale of marihuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a dishonorable discharge. The convening authority approved the sentence.

As the single error on appeal, appellant asserts that the military judge erred by not conducting an adequate providence inquiry. He urges that the judge should have inquired more fully into the possibility of an entrapment defense. We have carefully reviewed the record, and closely evaluated the providence inquiry. We find no prejudicial error to the appellant.

During the providence inquiry, the appellant disclosed that he had been solicited by a government informant. He further testified that although he at first refused the overtures to supply marihuana he later agreed, and on two occasions did, supply the informant with significant quantities of

marihuana (460.95 and 838.20 grams respectively). *Inter alia*, he also clearly indicated that he had a profit motive in making the sales. After reading the providence inquiry *in toto*, it is clear that ". . . the accused's responses . . . provide ample evidence of a criminal predisposition. Nothing in the stipulation of fact or the testimony . . . suggests otherwise. . . ." *United States v. Hebert*, 1 M.J. 84, 85 (C.M.A.1975), citing *United States v. Logan*, 22 U.S.C.M.A. 345, 47 C.M.R. 1 (1973).

The appellant's ". . . profit motive foreclosed the defense of entrapment absent evidence of conduct by the Government agents which violates 'fundamental fairness, shocking to the universal sense of justice. . . .'" *United States v. Hebert, id.*, at 86. *United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366, 370 (1973). We find no such conduct on the part of the Government agents in this case.

Moreover, appellant did not raise matters that would negate his guilty plea or require the military judge to inquire specifically into entrapment. *United States v. Young*, 2 M.J. 472 (A.C.M.R.1975). In our view the language of the United States Court of Military Appeals in *Logan* * is dispositive of the assigned error.

In many criminal cases, the tactical possibility of raising a defense exists even though the accused and his counsel know that the contention has little substance and that in all likelihood they will be unable to convince the factfinders. See *United States v. Hinton*, 8 U.S.C.M.A. 39, 23 C.M.R. 263 (1957). In these cases, without statements or declarations by the accused in substantial conflict with his plea, "it would be a 'a hollow gesture' if we were to set aside the plea of guilty and order a rehearing." *Id.* at 42, 23 C.M.R. at 266.

The Supreme Court has declared that the "prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve." *North Carolina v. Alford*, supra at 39. While we necessarily adhere to the mandate of Article 45, [10 U.S.C. § 845], the intent of that article is fully met by requiring some substantial indication of direct conflict between the accused's plea and his following statements.

Thus, in this case, the appellant's statements are not persuasive and offer no "substantial indication of direct conflict" with his plea that would require the military judge to expand his providence inquiry.

Accordingly, the findings of guilty and the sentence are affirmed.

Chief Judge DE FIORI and Senior Judge CARNE concur.

**UNITED STATES, Appellee,**

* *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973), at 3, footnote omitted.