## UNITED STATES

v.

**Hugh L. McCANN III, 458 27 6145, Private (E–1), U. S. Marine Corps.**

### NCM 80 1217.

U. S. Navy Court of Military Review.

Sentence Adjudged 18 Sept. 1979.

Decided 31 March 1981.

---

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

DONOVAN, Judge:

Pursuant to his pleas at a bench trial, appellant was convicted of two periods of unauthorized absence, Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The first period was less than 48 hours in duration, the second was 22 days. The military judge considered in aggravation appellant's prior special court-martial conviction for 10 months of unauthorized absence. There was no pretrial agreement. The convening and supervisory authorities approved the findings and sentence. Appellant assigns two errors on appeal. We find merit in one, reverse in part and set aside the sentence inasmuch as the sole absence, of which we affirm a finding of guilty, does not support the sentence, which consisted of a bad-conduct discharge alone.

I

THE APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 1 WAS IMPROVIDENT BY REASON OF APPELLANT NOT HAVING BEEN FULLY APPRISED OF THE ELEMENTS OF SAID OFFENSE AND THE DEFENSES THERETO AND THE ACCEPTANCE OF THAT PLEA BY THE MILITARY JUDGE, RESULTED IN A DENIAL OF DUE PROCESS TO THE APPELLANT.

When a potential defense surfaces from an accused's replies to judicial questioning into the providence of a guilty plea under *United States v. Care*, 18 U.S.C.M.A.

535, 40 C.M.R. 247 (1969), the judge may not rely on a defense counsel's summary assertion that the latter is satisfied that no honest and reasonable mistake of fact defense exists; rather the judge "has an obligation to discover from the accused *his* attitude regarding the potential defense." *United States v. Timmins*, 21 U.S.C.M.A. 475, 478, 45 C.M.R. 249, 252 (1972). This observation applies here; appellant was arrested by civilian police while on authorized liberty, incarcerated and released only after his unit recorded him as an unauthorized absentee. In the truncated inquiry, appellant said he had "got in trouble" and replied "No, Sir" to a question whether he had "any trouble being released from the civilians to go back to the military." (R. 10). The military judge did not inquire into the facts surrounding the arrest and, more importantly, ask whether a civilian conviction resulted. Paragraph 165, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). In *United States v. Jemmings*, 1 M.J. 414 (CMA 1976), the Court cautioned all military judges to secure "a factual basis to assure that [a] defense is not available." *United States v. Jemmings, supra* at 418.

■ When asked about his release to military authorities on the 19th of April, appellant said that he "wasn't picked up on the 19th", rather that date was "when the Marine Corps knew . . . that I was there." (R. 10). The record does not reflect whether he was released or picked up, or when, or whether a conviction followed. Since the inquiry into the two days unauthorized absence progressed no further than the questioning previously noted, we agree with appellant that a potential defense was not resolved due to inadequate judicial inquiry. *See also United States v. Graves*, 1 M.J. 50 (CMA 1975). The judge's inquiry did not proceed far enough for us to find a factual predicate for the guilty pleas. Article 66(c), UCMJ, 10 U.S.C. § 866(c): *United States v. Care, supra.*[1]

II

THE APPELLANT'S PLEAS TO BOTH SPECIFICATIONS OF THE CHARGE WERE IMPROVIDENT BY REASON OF THE MILITARY JUDGE'S FAILURE TO EXPRESSLY ADVISE THE ACCUSED AS TO THE EFFECT OF SUCH A MULTIPLE PLEA UPON THE TABLE OF MAXIMUM PUNISHMENTS PARAGRAPH 127(c)B MCM, 1969 (REV.).

In view of our disposition of the first assignment of error this issue is moot. We note that explanation of the escalator clause, rather than reliance on defense counsel's assurance that he has explained it, as occurred here, is the standard for judicial compliance. Paragraph 70*b*(2), MCM.

The finding of guilty of specification 1 is set aside; the remaining findings of guilty are affirmed. Upon reassessment, the sentence to a bad-conduct discharge is set aside. Paragraph 127*c*, MCM.

Senior Judge GREGORY and Judge GLADIS concur.

---

1. The Court of Military Appeals directed in *United States v. Care, supra* at 541, 40 C.M.R. at 253, that "not only [must the judge explain] the elements of each offense . . . but also that the military trial judge . . . questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge . . . whether the acts . . . constitute the offense . . . to which he is pleading guilty." In overzealous efforts to comply with these standards, a practice has developed in many cases we have seen in which the defense counsel seems to abandon his client without having prepared for him and with him some brief remarks to serve as a factual framework. As a result, judges commence an unnecessarily tedious dialogue in order to learn even threshold facts, piecing together often monosyllabic responses. So long as the *Care* colloquy occurs and the judge satisfies himself by questions and answers, there seems nothing impermissible in an accused reading, and a judge's accepting, three or four lines of prepared remarks which address the essential elements of the offense and set the framework for the providency inquiry. This, of course, must be followed by proving questions to ensure the accused's statements are factual, he believes them and understands why they are true and otherwise voluntarily pleads guilty.