## UNITED STATES
v.

**Larry A. DEJONG, 504 62 6333, Boiler Technician First Class (E-6), U. S. Navy.**

**NMCM 81 2667.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Sept. 1980.

Decided 30 April 1982.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

MICHAEL, Judge:

At a special court-martial, military judge alone, appellant pleaded guilty to two specifications alleging violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, for possession and sale of marijuana. The military judge accepted the pleas and sentenced appellant to confinement at hard labor for five months, forfeiture of $100 pay per month for three months, reduction to pay grade E–3, and a bad-conduct discharge. The convening authority, in accordance with the pretrial agreement, suspended the confinement in excess of three months for nine months from the date of trial. The supervisory authority suspended the bad-conduct discharge for six months from the date of his action. The reviewing authorities otherwise approved the findings and sentence as adjudged.

Appellant asserts that his plea of guilty to the specification alleging sale of marijuana was improvident because the military judge failed to establish adequately a factual basis for the acceptance of the plea in light of statements made by appellant which raised the defense of entrapment. We disagree and affirm.

During the providence inquiry, appellant admitted that he sold marijuana to a government informant, but stated that the informant initiated the transaction. Appellant further claimed that he, at first, told the informant that he could not locate any of the drug, but after repeated requests by the informant, appellant acquired approximately one pound of marijuana, most of which he sold to the informant. (R. 10.) Appellant likewise related the following in his unsworn statement:

While working the ABC Lab at SIMA I was approached several times by a supposed friend from my previous command . . . and asked if I knew where he could buy some marijuana. I told him no on many occasions but he persisted for a couple of weeks. So, I asked around and a person that I knew said that he could get some, so I made the arrangements.

(R.20.) These statements, in part, caused the military judge to reopen the providence inquiry.[1] (R.24.) During this later questioning, the military judge elicited responses from appellant indicating that appellant had discussed the possibility of raising an entrapment defense with trial defense counsel and that appellant did not believe the defense was available to him. (R. 24–25.) Appellant also informed the military judge that he received, as profit for his part in the sale, the small quantity of marijuana (13 grams) which formed the basis of the possession specification to which he pleaded guilty. (R.25.)

■■■ It is well-established that, in a situation where an accused alleges that he initially refused requests by an agent or informant to sell drugs—but later agreed to the sale after the repeated insistence or inducement of the agent or informant—the potential defense of entrapment is raised. *See, e.g., United States v. Suter,* 21 U.S.C. M.A. 510, 45 C.M.R. 284 (1972); *United States v. McGlenn,* 8 U.S.C.M.A. 286, 24 C.M.R. 96 (1957).[2] "[A]n officer ought not to lure a man who is not criminal-minded into committing a crime for the sake of punishing somebody. The courts will not, as a matter of good policy, sanction a con-

---

1. The military judge was also concerned with statements by appellant that suggested the availability of an agency defense. Appellant initially insisted that he derived no profit from the drug transaction, but after the military judge reopened the providence inquiry, appellant admitted that he received a portion of the marijuana as payment for his part in the sale. Receipt of the drug was profit which made it clear to the military judge that the agency defense was unavailable to appellant. *See United States v. Martinez,* 3 M.J. 600, 602 (N.C.M.R. 1977).

2. Military Law concerning entrapment follows closely the decisions of the United States Supreme Court pertaining to that defense. *See Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

viction where a person *not justly an object of suspicion* is through undue temptation or pressure by an officer influenced to become a criminal." *United States v. McGlenn, supra* at 291, 24 C.M.R. at 101, citing *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

■ A mere invitation not amounting to an inducement on the part of a government agent to commit the crime, however, is not entrapment. *United States v. Suter, supra* at 516, 45 C.M.R. at 290. Thus, the defense of entrapment

> is rooted in the concept that Government officers cannot instigate the commission of a crime by one who would otherwise remain law abiding. Consequently, the focus of the defense is not upon the Government agent but upon the accused, and the essential inquiry is upon the accused's "intent or predisposition . . . to commit the crime."

*United States v. Garcia*, 1 M.J. 26, 29 (C.M.A. 1975), *citing United States v. Russell*, 411 U.S. 423, 429, 93 S.Ct. 1637, 1641, 36 L.Ed.2d 366 (1973). *Accord, United States v. Hebert*, 1 M.J. 84 (C.M.A.1975); paragraph 216 e, *Manual for Courts-Martial, 1969 (Rev.).*

■ The above statements by appellant properly alerted the military judge to the possibility that the defense of entrapment was available to appellant. In such a situation the judge is required to discover from the accused his attitude regarding the potential defense, *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972); *United States v. McCann*, 11 M.J. 506 (N.C.M.R.1981), in order to assure that the record of trial supports the plea of guilty. *See United States v. Parker*, 10 M.J. 849, 851 (N.C.M.R.1981). We agree, also, with the following rationale provided by the Court

of Military Appeals in *United States v. Hinton*, 8 U.S.C.M.A. 39, 23 C.M.R. 263 (1957):

> In a guilty plea case we cannot disregard the probability that the accused and his counsel weighed the evidence and determined that it was inadequate for an effective legal defense or to negate the existence of a specific intent. As a result, they could well have decided to disregard the evidence in favor of the possible advantage of a guilty plea. [citations omitted] The critical question, therefore, is whether the accused and his counsel were aware of the legal effect of the evidence claimed to be inconsistent with the plea of guilty.

*Id.* at 41, 23 C.M.R. at 265.[3]

■ The quoted language from *Hinton*, however, does not support the proposition urged by appellate government counsel that, when a potential defense is interposed during or after providency, it is sufficient for the military judge merely to inquire from the accused whether he discussed the potential defense with counsel and whether he believed the defense was available to him. More is required to fulfill the spirit of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and the mandate of *Timmins, supra*, that the military judge discover a factual basis for the attitude of the accused regarding the nonavailability of the defense. *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A.1976); *United States v. McCann, supra* at 508. Although it was not done in the instant case, it is also advisable—but not required—that the judge explain the elements of the interposed defense to prevent the possibility "that the questioning does not sufficiently elicit the responses necessary to conclude that the plea

---

**3.** While *Hinton* predates *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the decision retains its value as precedent. The Court of Military Appeals in *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973), cited *Hinton* with approval and included the following footnote indicating the applicability of *Care*, thus supporting the conclusion that *Hinton* continues to have vitality:

> It is important to note that we continue to require the full inquiry into the accused's

plea of guilty set forth in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), with particular emphasis being placed on the accused's understanding of the nature and effect of his plea, the factual basis for his admission of guilt, and full inquiry by the military judge into any inconsistencies that may develop.

*Id.* at 351, 47 C.M.R. at 3.

is provident." *United States v. Jemmings, supra* at 418; *Accord, United States v. Green,* 9 M.J. 637 (C.G.C.M.R.1980).

 In the instant case the inquiry by the military judge adequately established a factual basis sufficient to assure that the defense of entrapment was not available to appellant. After reopening the providence inquiry, the judge elicited from appellant an admission that he entered into the drug transaction, at least in part, for the purpose of realizing a profit or payment on the sale. The appellant's "profit motive foreclosed the defense of entrapment absent evidence of conduct by Government agents which violates 'fundamental fairness, shocking to the universal sense of justice.'" *United States v. Hebert, supra* at 86, *quoting United States v. Russell, supra* at 432, 93 S.Ct. at 1637. *Accord, United States v. Shults,* 7 M.J. 524 (A.C.M.R.1979); *United States v. Young,* 2 M.J. 472 (A.C.M.R.1975).

Additionally, we are not disposed to "second guess" the strategy of trial defense counsel, a qualified lawyer certified in accordance with Article 27(b), UCMJ, 10 U.S.C. § 827(b). Absent a demonstration of negligence or incompetence on his part—which we do not have here—we are satisfied that counsel's analysis of all the objective factual matters known to him and his client properly persuaded him that the defense of entrapment would not prevail in this case. This conclusion may have been founded on a number of reasons, including possible rebuttal evidence which might have been adduced by the government. It is apparent from the colloquy between the military judge and the accused that the defense of entrapment had been discussed by the accused with his counsel and that the accused understood that his plea of guilty waived the defense. (R. 25.) The accused is not compelled on his own motion to introduce matters he does not consider to be in his interest in order to contradict the existence of every possible defense to a charge to which he elects to plead guilty. *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Tichy,* 50 C.M.R. 526 (N.C.M.R.1975).

Accordingly, we find appellant's pleas to have been provident and affirm the findings and sentence as approved on review below.

Senior Judge SANDERS and Judge BOHLEN concur.