UNITED STATES

v.

Anthony K. HENRY, 578 90 4925,
Yeoman Seaman Recruit
(E–1), U.S. Navy.

NMCM 84 0832.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 10 Jan. 1984.

Decided 11 July 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT J. Cunyon Gordon, JAGC, USN, Appellate Defense Counsel.

LT John K. Ianno, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, Senior Judge, and KERCHEVAL and LECORNU, JJ.

GORMLEY, Senior Judge:

Appellant was tried at a special court-martial bench trial at which he pled guilty to robbery and assault in violation of Articles 122 and 128, Uniform Code of Military Justice. He was sentenced to one month confinement at hard labor, forfeiture of $397.00 pay per month for one month, and a bad-conduct discharge. Intermediate reviewing authorities approved the findings and sentence without modification.

Before this Court, appellant has assigned four errors. The first assignment of error alleges a deficiency in the military judge's providence inquiry and is discussed below. The second assignment contends that the charges are unreasonably multiplicious. The relatively light sentence adjudged for what essentially was a "mugging" reflects that the military judge considered the offenses multiplicious for sentencing purposes and demonstrates that appellant suffered no prejudice. Accordingly, we reject that assignment. The third and fourth assignments relate to documents missing from the record of trial which have been subsequently supplied by appellate government counsel and, therefore, are moot.

■ During the providence inquiry, several facts surrounding the commission of appellant's offenses were elicited. Appellant had been drinking one night while on liberty when he noticed another sailor who appeared at first glance to be someone who owed him forty dollars and had not repaid it for some time. In order to collect this debt, appellant decided to make the sailor believe that he planned to hurt him. Approaching the sailor from behind, appellant placed an ink pen to his neck and demand-

ed, "give me my money". The sailor gave appellant what he had—thirteen dollars. Then, in appellant's words, "he turned around and I realized it wasn't him (the real debtor) and I ran."

We find that the responses elicited from appellant during the providence inquiry affirmatively established his unqualified guilt to robbery. Appellate defense counsel's imaginative argument asks us to examine appellant's conduct "frame-by-frame", and call "cut" at the point in the transcript at which appellant first obtained possession of the currency from the *person* of the victim. She contends that the offense of robbery was complete at the exact moment when appellant asported the purloined currency ever so slightly. If we were to do as she urges, we would find that appellant had a valid mistake of fact defense that should have been the subject of inquiry by the military judge. *United States v. Petrie*, 1 M.J. 332 (C.M.A.1976); *United States v. Cunningham*, 15 M.J. 282 (C.M.A.1983). Instead, we find that appellant's conduct on the evening in question was a continuing drama, and that it is appropriate to examine the entire *res gestae* of the offense before coming to any conclusions as to the viability of appellant's mistake of fact defense.

From an examination of the entire picture, it is readily apparent that appellant initially placed his victim in apprehension of imminent bodily harm. He seized the currency from the *person* of his victim under a mistaken superior "claim of right" to possession, based upon the unpaid debt owed to him. Upon discovering his victim to be in fact a stranger, and not the debtor he knew, his possession of the currency was no longer under a "claim of right" and was not superior to the possessory interest of his victim. Appellant, knowing he no longer had a lawful right to the currency, then formed the requisite larcenous intent and asported the currency from the *presence* of his victim. He did so by taking advantage of the victim's continuing state of apprehension, which allowed appellant to extricate himself from the situation and abscond with the money. Appellant's

changed intent merged with the continued state of apprehension and the offense of robbery was complete at this point.

■ We find that there was sufficient evidence of record for the military judge to make an appropriate determination as to the non-viability of appellant's mistake of fact defense. Although initially indicated, the defense was ultimately negated by appellant's own conduct and his change of criminal intent. *See United States v. Eymer*, 1 M.J. 990, 991 (N.C.M.R.1976); *United States v. Dejong*, 13 M.J. 721 (N.M.C.M.R.1982). As a result, there was no necessity for the military judge to instruct appellant on the elements of the mistake of fact defense or to develop further the matter in the record prior to accepting appellant's guilty plea to robbery. "Incidental evidence [of a defense] is not proof of the existence of the [defense]." *United States v. Hinton*, 8 U.S.C.M.A. 39, 23 C.M.R. 263, 265 (1957). Moreover, trial defense counsel stated at trial that appellant had no legal defenses to the charges and specifications which could be successfully asserted. In a guilty plea case, the "probability that the accused and his counsel weighed the evidence and determined it was inadequate for an effective legal defense" cannot be disregarded. *Id.* Accordingly, we find Assignment I to be without merit.

Finding no error materially prejudicial to the substantial rights of appellant, we affirm the findings and sentence as approved on review below.

Judge KERCHEVAL and Judge LECORNU concur.