## UNITED STATES

v.

**Sergeant Glen E. BISHOP, FR 281–56– 8584, 301st Security Police Squadron, Eighth Air Force (SAC).**

### ACM 22117.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 July 1976.

Decided 10 Jan. 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain William T. Snyder.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Consonant with his pleas, the accused was convicted of larceny and carrying a concealed weapon, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, and was sentenced to be discharged from the service with a bad conduct discharge.

Appellate defense counsel have invited our attention to three assignments of error submitted in the accused's behalf by trial defense counsel and have asserted two additional errors for our consideration. We perceive no merit in counsel's contentions that the military judge erred in failing to dismiss the charges because of the Government's alleged noncompliance with Article 33, Code, supra, and in restricting trial defense counsel's voir dire examination of the court-martial members.

Initially, appellate defense counsel contend:

APPELLANT'S PLEA OF GUILTY TO THE SPECIFICATION AND CHARGE OF CHARGE II WAS IMPROVIDENT BASED UPON A MISTAKE OF LAW.

We disagree.

The specification in issue avers that on 17 May 1976, at Rickenbacker Air Force Base, Ohio, the accused "unlawfully carried a concealed weapon, to wit: a .45 caliber automatic pistol." During the inquiry into his guilt-in-fact,[1] the accused related that while working at a gun shop in Reynoldsburg, Ohio, he was instructed by the security police desk sergeant to return to the base as soon as possible. The accused complied with this instruction and was subsequently apprehended as he entered the main gate to the military installation. At this time, a loaded .45 caliber pistol was found "under the driver's side seat" of the accused's car. According to the accused, he had placed the pistol in that location when he left the gun shop so that he would not "have it on [his] person." He further admitted, however, knowing that the pistol was thus "concealed" and that it was a dangerous weapon "within [his] reach."

When asked whether the defense intended to present evidence which could be inconsistent with the accused's plea, trial defense counsel responded that the defense intended to show, in extenuation, that when apprehended, the accused believed he had a right to bring the weapon on base. Subsequently, during the presentencing proceedings, the accused testified that under Ohio law he was permitted to carry a concealed weapon, that he would not have carried the weapon on base had he not been directed by the security police to report to them as soon as possible and that, in any event, he "didn't actually think it was illegal . . . to carry a gun on base" although, to avoid "any complications," he normally avoided doing this.

With respect to the defense of mistake of law, the Manual provides:

As a general rule, ignorance or mistake of law . . . is not an excuse for the commission of an offense. If, however, to indicate the existence of a requisite intent or for any other reason, actual knowledge of a certain law or of the legal effect of certain known facts is necessary to establish the offense, ignorance or mistake as to that law or legal effect will be a defense. *Also, ignorance or mistake of law or the legal effect of certain known facts may be a defense to show the absence of a guilty state of mind involved in an offense when actual knowledge thereof is not necessary to establish the offense.* In this instance, however, depending on the offense and facts involved, the

---

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

ignorance or mistake may not be a defense, unless it is reasonable.[2]

\*   \*   \*   \*   \*   \*

Even if the offense is one as to which ignorance or mistake of law is not a defense, the ignorance or mistake may nevertheless be shown in extenuation. [Emphasis supplied.]

Manual for Courts-Martial, 1969 (Rev.), paragraph 154a (5).

In support of their position, appellate defense counsel point out, citing *United States v. Tobin,* 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968), and *United States v. Thompson,* 3 U.S.C.M.A. 620, 14 C.M.R. 38 (1954), that the law is "unclear" as to whether carrying a concealed weapon involves a specific intent.[3] Nevertheless, they assert that under the above quoted Manual provision, mistake of law is available as a defense whether the crime involves a specific or general intent. Otherwise, .counsel argue, the underscored words are "merely surplusage" of the preceding sentences.

■ We find both of these arguments unpersuasive. The military offense of carrying a concealed weapon is *not* a specific intent crime. See *United States v. Tobin,* 38 C.M.R. 884, 889 (A.F.B.R.1968), aff'd, *United States v. Tobin,* supra. Historically, the essential elements of this crime have been accepted as threefold:

1. That the accused unlawfully concealed a weapon on or about his person, as alleged;

2. That the weapon was in fact dangerous; and

3. That the accused's conduct would bring discredit upon, or was prejudicial to good order and discipline in, the armed forces.

*United States v. Tobin,* supra, at page 428; *United States v. Thompson,* supra, at page 42; *United States v. Bryant,* 17 C.M.R. 896 (A.F.B.R.1954), pet. denied, 18 C.M.R. 333 (1955). And even assuming that lack of a specific intent to conceal the weapon could be interposed as a defense to the crime, whether as a mistake of fact or law, the accused here did not deny such intent.

■ Furthermore, the Manual provision does not provide, as contended, that ignorance or mistake of *law* is a defense to general intent offenses, such as absence without leave. Rather, it simply provides that such defense is available to show the absence of a "guilty state of mind" when "actual knowledge [of the law or certain known facts] is not necessary to establish the offense." In this regard, the words "guilty state of mind" are synonymous with "general intent" or *"mens rea,"* as those terms are used in military case law. Such general intent or guilty state of mind must

---

**2.** Although not relevant to our decision, we believe that *reasonableness* is *not* the correct standard to apply in such instances. See *United States v. Sicley,* 6 U.S.C.M.A. 402, 20 C.M.R. 118 (1955), wherein the Court opined:

> In *United States v. Rowan,* [4 U.S.C.M.A. 430, 16 C.M.R. 4 (1954)], we observed that one who acquires property in the *honest* belief that he is entitled thereto has not established the criminal intent necessary to establish larceny. Thus we rejected the view that an accused may avail himself of the defense of mistake of fact in a larceny case only if the honest mistake was based upon reasonable grounds. The Manual provision now under discussion [Manual for Courts-Martial, United States, 1951, paragraph 154a (4)] is couched in similar language, and it contains the phrase, "an honest *and reasonable* mistake of law." (Emphasis supplied.) We are sure that the objection voiced in *Rowan* applies as well to the requirement of care laid

down in the Manual with respect to the defense of mistake of law. Any other result would appear to be both illogical and unjust . . . . Therefore, we hold that one accused of larceny who contends that he had acted under an *honest* claim of right in obtaining property allegedly stolen is entitled to have that defense—whether it be one of mistake of law or fact—submitted to the court-martial in terms of *honest* misconception alone. [Emphasis supplied.]

See also *United States v. Tatmon,* 23 C.M.R. 841 (A.F.B.R.1957); *United States v. McCleod,* 18 C.M.R. 814 (A.F.B.R.1955).

**3.** See *United States v. Tobin,* supra, at page 427, wherein the Court commented:

> "We need not decide, therefore, whether the offense of carrying a concealed weapon requires a specific intent to conceal it. But see, *United States v. Thompson,* 3 U.S.C.M.A. 620, 14 C.M.R. 38."

exist in crimes involving specific intent, knowledge or the legal effect of certain known facts as necessary elements. In such cases, the offender's mistaken belief that his act was not violative of any law or that he had a legal right to commit the act would be exonerating, whether the mistake be one of fact[4] or law.[5] Contrarily, in a general intent crime, such as that in issue, the offender's mistaken belief that his act was not violative of any law would be no excuse.[6]

■ We concede that the Manual provision in question is at best confusing if not partially inconsistent with military law as indicated in footnote 2, supra. Nevertheless, it sets forth three separate considerations pertinent to our decision, none of which, in our opinion, are "surplusage." These provisions are as follows:

1. Generally, ignorance or mistake of law is not an excuse for committing a crime.

2. If actual knowledge of a certain law or the legal effect of certain known facts is necessary to establish the offense, ignorance or mistake of that law or legal effect is a complete defense.

3. If the existence of a particular mental state affecting the offense is required, an honest[7] ignorance or mistake of law may be interposed as a defense to show the absence of a general criminal intent or *mens rea.*

■ We find, therefore, that the matters raised by the accused in extenuation were not inconsistent with his plea of guilty to carrying a concealed weapon.

Appellate defense counsel next contend: THE MILITARY JUDGE ERRED BY REFUSING TO TAKE JUDICIAL NO-TICE OF SECTION 2923.12, OHIO REVISED CODE.

■ We are in agreement with this contention. The pertinent provisions of the cited statute support the accused's testimony in extenuation that he believed his off-base conduct, in carrying a concealed weapon, was lawful under Ohio state law. Admittedly, such law would not have provided the accused with a defense to the military crime charged. *United States v. Tobin,* supra, at page 428. For that purpose, the Ohio law was immaterial, as indicated by the military judge in denying the defense motion that he take judicial notice thereof. However, as an extenuating circumstance, and especially since the members were apprised that the accused had concealed the weapon *before* entering the military installation, the accused was entitled to diminish the seriousness of the offense by *factually* demonstrating that his off-base conduct was not prohibited by state law. That the members were interested in this aspect of the incident is evidenced by their questions during the presentencing proceedings.

Accordingly, we conclude that the military judge erred in refusing to take judicial notice of the pertinent Ohio statute. Obviously, this evidence would have served "to explain the circumstances surrounding the commission of the offense, including the reasons that actuated the accused but not extending to a legal justification or excuse." Manual for Courts-Martial, supra, paragraph 75c (3).

■ Moreover, we find that the military judge erred with respect to a related aspect of this extenuating evidence. During the Article 39(a) session immediately preceding post-findings argument, trial defense coun-

---

4. *United States v. Tucker,* 14 U.S.C.M.A. 376, 380, 34 C.M.R. 156, 160 (1964):
   When a particular mental state is required to be established, the accused may controvert its presence by offering evidence that, at the time he committed the act alleged, he was mistaken as to, or ignorant of, facts essential to the existence of the necessary *mens rea.*

5. *United States v. Sicley,* supra, at page 127: Conceding the existence of authority to the contrary, we nevertheless expressly adopt the view that the defense of mistake of law as contemplated above [cases involving a *"special state of mind* . . . such as specific intent"] is available to one accused of the crime in the military establishment.

6. *United States v. McCleod,* 18 C.M.R. 814, 823 (A.F.B.R.1955).

7. See footnote 2, supra.

sel indicated his intention to argue as an extenuating circumstance the accused's mistake of law relevant to his carrying the concealed weapon *on* base. Manual for Courts-Martial, supra, paragraph 154*a*(5). The military judge expressed his understanding that the accused had acknowledged that "he knew it was wrong to conceal a weapon on Rickenbacker Air Force Base on the date in question," whereupon the following colloquy occurred:

DC: Your Honor, I don't believe that I stated that Sergeant Bishop, at the time of the offense, knew that it was an offense under military law.

MJ: Well—

DC: I stated—

MJ: Well, let's don't bicker. I don't think it will serve any purpose and let me just say that as an officer of this court, I think you are charged with the duty of arguing in an appropriate manner consistent with your prior commitments to the court.

Following this admonishment, trial defense counsel dutifully limited his sentence argument concerning the accused's mistaken belief to a statement that the accused "felt he did have a right to carry that weapon *off* base." Emphasis supplied.

As indicated above, although mistake of law is not a defense to the crime in question, an accused is entitled to assert such mistaken belief as an extenuating matter. Manual for Courts-Martial, supra, paragraph 154*a*(5). Therefore, the military judge clearly erred in preventing the defense counsel from bringing this matter to the court's attention before it closed to determine an appropriate sentence. We have already shown that the defense contention was not inconsistent with the accused's plea, and if the military judge were of the opinion that it was, he should not have accepted the plea. *United States v. Thompson,* 21 U.S.C.M.A. 526, 45 C.M.R. 300 (1972); *United States v. Lewis,* 18 U.S.C.M.A. 287, 39 C.M.R. 287 (1969); Article 45, Code, supra.

■ Nevertheless, despite these errors, we are unable to perceive any possibility of harm to the accused. We are satisfied beyond a reasonable doubt that they could not have significantly influenced the members in their sentence deliberations. The accused did testify that he did not think it illegal to carry the weapon concealed on-base and that carrying it off-base was permitted under Ohio law. Further, in aggravation of sentence, the court was provided a record of nonjudicial punishment imposed upon the accused in July 1975. Finally, the adjudged sentence was extremely lenient for the larceny offense alone.

■ In their final assignment of error meriting discussion, appellate defense counsel have challenged the adequacy of the staff judge advocate's post-trial review on the ground that the reviewer identified the accused's presentencing testimony as "unsworn." We agree that this was error but, again, perceive no chance of prejudice. The mistake was noted by trial defense counsel in his response to the review under *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975), and counsel's remarks were appended to the review. Furthermore, in view of the accused's pleas of guilty, the error could not have affected the convening authority's approval of the findings, and, as for sentence, we are satisfied beyond a reasonable doubt that the convening authority's approval thereof would not have been influenced to a measurable degree had he been correctly informed by the reviewer that the accused's post-findings statement was given under oath.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.