**UNITED STATES**

v.

**Airman Chad A. CAMPBELL, FR 280–70–8883 United States Air Force.**

**ACM 23899.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Jan. 1983.

Decided 29 Aug. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert J. Ferencik, Jr.

Before KASTL, RAICHLE, and SNYDER Appellate Military Judges.

## DECISION

PER CURIAM:

Contrary to his pleas, the accused was convicted of wrongfully transferring LSD and marihuana, wrongful possession of marihuana with intent to distribute, and wrongfully carrying a concealed pistol. He has submitted five assignments of error, only three of which merit comment.

The accused asserts that the concealed weapon offense is not service-connected. He avers that none of the *Relford* criteria, *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), are present. Additionally, he avers that the drug offenses were committed under circumstances which render them of less than overriding interest to the military. Consequently, the concealed weapon offense is not, therefore, interwoven with a service-connected offense. Also, carrying a concealed weapon is a violation of the local state law and civilian courts are available to try the offense.

We are persuaded otherwise. The military has a distinct and significant interest in deterring drug involvement by military members. *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980). In the instant case, the accused arranged for the purchase of a large quantity of marihuana through a military superior. Additionally, he successfully located another airman assigned to the same base to jointly purchase the marihuana in the quantity desired. Although the accused related that he would not take the marihuana onto the base, he did state that he was selling a pound and a half of marihuana per week to "GIs on the base." He also stated that he could sell 100 hits of

LSD to members on the base every other payday.

Service-connection of the drug offenses is readily evident. *United States v. Trottier, supra.* The accused carried the concealed weapon while purchasing the marihuana. Under these circumstances, the concealed weapon offense was clearly interwoven with the drug offense. We also note that the accused interposed no objection to the Air Force including that offense in the charges preferred against him. *See United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983).

In addition to being interwoven with the drug offense, carrying a concealed weapon has traditionally been viewed as prejudicial to good order and discipline. *United States v. Tobin,* 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968); *United States v. Bishop,* 2 M.J. 741 (A.F.C.M.R.), *pet. denied,* 3 M.J. 184 (C.M.A.1977). Given the circumstances under which the weapon was carried and concealed in the instant case, the offense was also under service discrediting circumstances. Potential discrediting of the service is a proper consideration when assessing service-connection. *See United States v. Lockwood, supra.* As the Court stated in *Tobin, supra,* while quoting from *United States v. Thompson,* 3 U.S.C.M.A. 620, 623, 14 C.M.R. 38, 41 (1954):

> ... If large numbers of servicemen were roaming the streets armed with concealed weapons, the civilian population would justly fear, regard with suspicion, and distrust them. ...

Accordingly, the military judge correctly ruled that the offense was service-connected.

The accused next complains that the military judge erroneously failed to *sua sponte* instruct on the affirmative defense of mistake of fact as it related to the concealment of the pistol. According to the accused, the pistol was, in his opinion, visible. At one point in his testimony, he stated, "... [I]f you opened your eyes, you could see the barrel." Thus, he claims that since the *mens rea* required for the offense is the intent to keep the weapon out of sight, his concealment was unintentional. He relies

on the military judge's *sua sponte* responsibilities because the trial defense counsel did not request such an instruction.

■ We find adversely to the accused. Unlawfully carrying a concealed weapon is a *general* intent crime. *United States v. Bishop, supra.* The facts are compellingly against the accused. Special Agent Costa testified that the pistol was protruding from the *back* of accused's pants. The barrel was inside the accused's belt and pants with the pistol's butt and approximately one inch of the back portion of the pistol visible. The pistol was not visible until the accused was directed to place his hands higher up against the wall, thereby causing his jacket to rise. Additionally, the accused's testimony leaves no other interpretation but that the pistol was located on his person exactly where he intended it to be— in the area of the small of his back and under his outer jacket. The accused's answer which contained the phrase relating to open eyes contained the following phrase immediately preceding: "As long as I had my jacket on, it could be mistaken as [he] not having it [the pistol]...." The problem is, the accused never removed his jacket.

■ The entirety of the accused's testimony and our viewing of the video tape of the events do not give any indication of an honest and reasonable belief that the pistol was visible. Thus, the military judge did not err by not instructing *sua sponte. United States v. Tobin; United States v. Bishop,* both *supra;* Mil.R.Evid. 103(a).

■ We turn finally to the accused's claim that the Government did not prove the absence of entrapment. We are convinced beyond a reasonable doubt that there was no entrapment. The investigators offered only the opportunity for the accused to commit the offenses. *See United States v. Harms,* 14 M.J. 677 (A.F.C.M.R. 1982), *pet. denied,* 15 M.J. 285 (C.M.A.1983). He was anything but an innocent citizen not predisposed to commit the offenses charged.

We have considered the other assignments of error and resolved them adversely to the accused. *United States v. Tobin; United States v. Bishop,* both *supra;* Mil.R. Evid. 403.

Finding no error prejudicial to the substantive rights of the accused, the findings of guilty and the sentence are

AFFIRMED.