**UNITED STATES**

v.

**Airman Basic James T. HOUSEHOLD-ER, FR 190–38–3748, United States Air Force.**

**ACM S26807.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1985.

Decided 7 Nov. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Deborah H. Hudspeth and Captain Kathy M. Sachen, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major David F. Barton and Major G. Michael Lennon, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The single issue before us may be stated thus: Does the off-base forgery of a servicemember's signature by another servicemember have sufficient "service-connection" to give the military jurisdiction over the offense? The appellant, citing *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and *United States v. Uhlman*, 1 M.J. 419 (C.M.A.1976), argues that it does not and asks that we set aside his conviction as to these three allegations.[1] We find an adequate basis for the military to assert jurisdiction and affirm.

The appellant and the individuals whose signatures he forged are all Air Force members assigned to the same organization and stationed at Whiteman Air Force Base, approximately 20 miles from Sedalia, Missouri. On 6 December 1984, the appellant found a purse in his car belonging to Airman First Class Green's wife; about three days before he had given the couple a ride home from Whiteman. In the purse, along with other items, was the Greens' checkbook. Since the appellant was "desperately in need of some money" he tore out a check, went to the Community Bank of Pettis County which is located in Sedalia, and while in their parking lot wrote a check for $325.00 payable to "Mark D. Henry," forging the signature "Bryant L. Green" onto it. He then forged Henry's endorsement to the check. During the next five days he forged two other checks in the same manner for a total of $800.00 for all three.

Airman First Class Mark D. Henry testified that his checking account was debited for the amount of the checks, and that he

1. In addition to the forgery offenses, the appellant pled guilty to uttering a worthless check with the intent to deceive. He does not question the "service-connection" of this last offense as it occurred on-base.

had to engage an attorney to get his money back.

The civilian authorities declined to prosecute, pointing out that "law enforcement agencies of Pettis County, Missouri have not been involved in any aspect of this case ...," and for them to assume jurisdiction at this point would be an unnecessary duplication of effort and a waste of the taxpayer's money.

At trial the appellant argued that the "victim" was not Airman First Class Henry, but the Community Bank of Pettis County and therefore any "potential" negative impact on Henry's military service was minor and not a basis to establish military jurisdiction. To us this argument lacks logic. In *United States v. Lockwood*, 15 M.J. 1 (C.M.A.1983), a factual situation similar to the case at hand, the Court of Military Appeals opined that anyone whose signature has been forged is exposed to the inconvenience and the possible expense of convincing others that his signature is not genuine. That is exactly what happened here when Henry was required to employ a lawyer to clear up the situation. We have no doubt that Henry considered himself to be the "victim" of the appellant's criminal acts, but our conclusion that Henry was a "victim" is not the sole basis for holding that military jurisdiction exists over these offenses.

*Lockwood, supra,* made it clear that intangibles traditionally associated with the armed forces, such as "reputation" and "morale," are to be given renewed emphasis in determining the "service-connection" of off-base offenses. Chief Judge Everett stated in that decision:

> Few military enclaves are self-sufficient and usually the servicemembers assigned to a post and their dependants must rely on persons in the surrounding communities for various types of support such as housing, *credit* and recreation. An offense committed by a servicemember near a military installation tends to injure relationships between the military community and the civilian community and thereby makes it more difficult for servicemembers to receive needed local support. (Emphasis Added)

All of the armed services make a concerted effort to become a part of and to be accepted in the surrounding civilian community. *Accord United States v. Blake*, 20 M.J. 614 (A.F.C.M.R.1985). To this end military installations enthusiastically support charity drives, community projects and local civic organizations, and by so doing strengthen the bond between the defenders and those being defended. The accused's actions were clearly discrediting to the military installation, which has a distinct interest in maintaining a good reputation in the surrounding community. *United States v. Lockwood, supra; United States v. Campbell,* 16 M.J. 886 (A.F.C.M.R.1983). The appellant's check forging activity could not help but make the local community somewhat hesitant to accept checks from other servicemembers.

The maintenance of discipline within a military organization is a function of command which must be exercised to be effective. *United States v. Herring*, 20 M.J. 1002 (A.F.C.M.R.1985); *United States v. Benedict*, 20 M.J. 939 (A.F.C.M.R.1985). To hold that the armed services may not try a servicemember, under a constitutionally created justice system, is to overlook the need to maintain order within military units. For the reasons stated, we hold these offenses were "service-connected," and a court-martial was the proper forum to resolve them. *United States v. Shorte*, 18 M.J. 518 (A.F.C.M.R.1984); *aff'd* 20 M.J. 414 (C.M.A.1985). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MICHALSKI, Judge, concur.