UNITED STATES, Appellee,

v.

Chief Warrant Officer Three Robert E. YEINGST, 205–36–9561, United States Army, Appellant.

CM 448313.

U.S. Army Court of Military Review.

16 Dec. 1986.

For Appellant: Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Captain Denise K. Vowell, JAGC, Captain Robert R. Long, Jr., JAGC (on brief).

Before PAULEY, MILLER and DE GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Pursuant to his pleas, appellant was found guilty of carnal knowledge, sodomy with a child under 16, and indecent acts with a child under 16, in violation of Articles 120, 125 and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 920, 925 and 934 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for 15 years and total forfeitures. In accord-

ance with a pretrial agreement, the convening authority approved a dishonorable discharge, confinement for eight years and forfeiture of $1164 pay per month for eight years.

The record of trial reveals that during the period of October 1982 and June 1985, appellant repeatedly committed the offenses of carnal knowledge and sodomy with his natural daughter. These incidents of sexual assault began when appellant's daughter was approximately 11 years of age. Throughout this period, she told no one about these assaults, fearing that it might cause her parents to divorce. Nevertheless, in June of 1985 appellant and his wife were divorced. The wife obtained custody of the children. Subsequently, appellant moved to a trailer park where he apparently lived alone. On 20 July 1985, appellant again committed indecent acts with his daughter while she and her brother were visiting him at his trailer. Thereafter, appellant's daughter reported the abuse which resulted in the case before us.

The trailer park is in a small town which is immediately adjacent to Fort Rucker, Alabama. The trailer park is 1.4 miles from the front gate of Fort Rucker and is on the post's housing referral list. At the time of the off-post offenses, appellant had applied for Basic Allowances for Quarters (BAQ). He was awaiting BAQ payment and drawing Variable Housing Allowance.

At trial, the following colloquy occurred:

MJ: And, of course, there's been no motion by the defense counsel as to a lack of jurisdiction as to Specifications 2 and 3 [the indecent acts]. It would seem clear, at least to me, that all these are—all these acts are one continuous scenario and that the military, of course, should take jurisdiction over all offenses in this case. Captain [W], would you agree that the military should take jurisdiction over all these offenses? It seems to me, at least, to be one scenario occurring over about a three year period of time.

DC: That's correct, your Honor. Furthermore, it is Mr. Yeingst's desire that a military court hear this case.

Appellant now contends that there was no military jurisdiction over the offenses that occurred off-post citing *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) and *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). We disagree and affirm.

Recent decisions of the United States Court of Military Appeals have not departed from the principles of analysis of *O'Callahan* and *Relford*, but reflect an increased awareness and sensitivity to the realities of military life and operations. *See United States v. Abell*, 23 M.J. 99, 103 (C.M.A. 1986). Crimes committed near a military post may have an adverse impact on military relations and military discipline. *See United States v. Scott*, 21 M.J. 345, 347 (C.M.A.1986); *United States v. Lockwood*, 15 M.J. 1, 9 (C.M.A.1983). We believe that appellant's offenses are service connected.

In *United States v. Solorio*, 21 M.J. 251 (C.M.A.), *cert. granted*, —— U.S. ——, 106 S.Ct. 2914, 91 L.Ed.2d 543 (1986), service connection was found over off-post offenses where some offenses occurred on a military installation and the victims were dependents of other service personnel. Appellant maintains that the reasoning in *Solorio* should not apply to this case because the victim was the appellant's dependent daughter rather than a dependent of another service member. We do not believe that such a distinction is significant. As stated in *Solorio*, 21 M.J. at 256, "[S]ex offenses against young children ... have a continuing effect on the victims and their families and ultimately on the morale of any military unit or organization to which the family member is assigned. This continuing effect tends to establish service connection." This effect applies to appellant's family in the same manner as it applies to other military families. Appellant's sexual abuse of his child raises serious problems concerning his future performance in a military organization. *See Abell*, 23 M.J. at 104.

■ Although the doctrine of pendent jurisdiction has been rejected by the Court of Military Appeals, some of the factors which underlie that doctrine tend to establish service connection. *Solorio*, 21 M.J. at 257. *See also Lockwood*, 15 M.J. at 7. As the military judge noted in the case before us, all the acts were a continuous scenario and the military should take jurisdiction over all the offenses. The offenses are closely related and so similar that evidence of the off-post offenses might be admissible to help prove commission of on-post offenses. *Scott*, 21 M.J. at 347. Of importance is the fact that appellant's trial defense counsel not only agreed with the military judge but expressed appellant's desire to have all offenses tried before a military court. *Id.* This concession and the plea of guilty are not conclusive, but justify drawing every inference against appellant in favor of the court's jurisdiction. *Scott*, 21 M.J. at 347; *see also Lockwood* 15 M.J. at 7.

■ Appellant's status as a warrant officer is another factor which must be considered.[1] In the United States Army, officers and warrant officers constitute the corps of officers. L. Crocker, The Army Officer Guide at 15 (42d ed. 1983). Observance of the Code of the Army Officer is expected to the same degree for all officers. *Id.* at 11. It has been recognized that officers have a special role in the armed forces. *Scott*, 21 M.J. at 348. Precedent has acknowledged the unique responsibility of officers. *United States v. Means*, 10 M.J. 162, 165–67 (C.M.A.1981). Because of his position, an officer's misconduct is likely to receive special publicity and thereby result in injury to the reputation of his service. *Scott*, 21 M.J. at 348. We hold that in determining court-martial jurisdiction these principles should also apply to warrant officers.[2]

The following factors have been considered in arriving at our decision:

(1) The off-post and on-post offenses were parts of the same course of conduct. *Scott*, 21 M.J. at 347.

(2) The continuing effect of the offenses on the victim, the military family and the morale of the military unit. *Solorio*, 21 M.J. at 256;

(3) Similar and closely related offenses were committed on post. *Scott*, 21 M.J. at 347; *see also Solorio*, 21 M.J. 251; *Lockwood*, 15 M.J. 1;

(4) The off-post offenses were committed at a trailer court 1.4 miles from Fort Rucker; *See Scott*, 21 M.J. at 347; *Abell*, 23 M.J. at 103;

(5) The trailer court was on the installation housing referral list. *Abell*, 23 M.J. at 103;

(6) Appellant was entitled to and was awaiting payment of Basic Allowance for Quarters. He was drawing variable housing allowance. *See Abell*, 23 M.J. 99, 100;

(7) The victim, appellant's daughter, was a military dependent. *See Solorio*, 21 M.J. 251;

(8) Appellant is a warrant officer in the United States Army. *See Scott*, 21 M.J. 345, 347–48;

(9) Appellant expressed a desire to have all offenses tried by a military court. *Scott*, 21 M.J. at 347; *Lockwood*, 15 M.J. 1, 7–8.

Considering all the factors present in this case, we conclude that the offenses were service connected. We find the court-martial had jurisdiction over the offenses.

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge MILLER * concur.

---

1. Appellant is not a commissioned warrant officer.

2. We recognize the distinction between commissioned officers and other than commissioned warrant officers. The discussion of similarity found in this case is limited to status for purposes of service connection.

* Judge MILLER took final action in this case prior to his retirement.