## UNITED STATES

### v.

**Airman First Class Domenico PIRRAGLIA, FR 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, United States Air Force.**

**ACM 25848.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Dec. 1986.

Decided 21 May 1987.

## DECISION

HODGSON, Chief Judge:

Pursuant to his pleas, appellant was convicted of uttering a series of worthless checks with intent to defraud totalling over $2,300.00 to merchants in the immediate vicinity of Offutt Air Force Base, Nebraska. A pretrial agreement limited the approved sentence to a bad conduct discharge, two years confinement, total forfeitures, and reduction to airman basic.

On appeal the appellant contends, as he did at trial, citing *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) and *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), that there was no military jurisdiction over these check offenses as they occurred off-base. We disagree and affirm.

Recent decisions of the United States Court of Military Appeals have not abandoned the analysis of *O'Callahan* and *Relford* in determining a "service-connection," but instead reflect an increased awareness of the adverse impact that crimes committed near a military installation have on community relations and military discipline. In making this determination renewed emphasis was given to those intangibles traditionally associated with the armed forces such as "reputation" and "morale." *United States v. Lockwood,* 15 M.J. 1 (C.M.A. 1983); *United States v. Yeingst,* 23 M.J. 718 (A.C.M.R.1986); *United States v. Householder,* 21 M.J. 613 (A.F.C.M.R. 1985), *pet. denied* 22 M.J. 339 (C.M.A.1986).

In *Householder,* a situation involving the off-base forgery of a service member's signature by another service member, we discussed the impact off-base of "white-collar" crime by military members against the neighboring population. We observed that:

> All of the armed services make a concerted effort to become a part of and to be accepted in the surrounding civilian community. To this end military installations enthusiastically support charity drives, community projects and local civic organizations, and by so doing strengthen the bond between the defenders and those being defended. The accused's actions were clearly discrediting to the military installation, which has a distinct interest in maintaining a good reputation in the surrounding community. The appellant's check forging activity could not help but make the local community somewhat hesitant to accept checks from other service members. *Citations omitted.*

21 M.J. 613, 614.

Our brethren on the Army Court of Military Review succinctly addressed the issue before us in *United States v. Henderson,* 23 M.J. 860, 861 n. 4 (A.C.M.R.1987), where they stated:

> Our years of military service have made us well-aware of the adverse impact which the general bad credit reputation of a large unit can have on the morale, discipline and effectiveness of the members of that unit, especially on the young enlisted soldiers thereof. While officers normally can get their checks cashed under most circumstances by presenting proper identification, young enlisted soldiers and their spouses can suffer severely when a unit obtains a reputation for bad credit in the community. This problem has become more severe in recent years as the Army has moved from the pay lines of old to modern-day computer-assisted check-to-bank options. A young soldier and his dependents now can find themselves under serious financial and emotional stress if the local communities refuse to cash their checks.

The appellant's misconduct clearly injured the relationship between the military and civilian communities, and made it more difficult for service members to obtain needed local support. *United States v. Lockwood, supra; see generally United States v. Campbell,* 16 M.J. 886 (A.F.C.M.R.1983). We hold the appellant's offenses were sufficiently "service-connected" to permit a court-martial to resolve them. *United States v. Householder, supra; accord United States v. Blake,* 20 M.J. 614 (A.F.C. M.R.1985). The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.